IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Judge John L. Kane

Criminal Action No. **11-cv-00313-JLK**

**SECURITIES AND EXCHANGE COMMISSION,**

    Plaintiff,

v.

**NEAL R. GREENBERG,**

    Defendant.

---

## ORDER

---

This matter is currently before me on Plaintiff's Motion for an Order Requiring Neal R. Greenberg to pay the Unpaid Portion of his Disgorgement, Prejudgement, and Postjudgement Interest Thereon, and the Maximum Civil Penalty (doc. 32). Based upon the stipulated disposition agreed upon by the parties,

I.

IT IS HEREBY ORDERED that Defendant Neal R. Greenberg ("Greenberg") is liable for disgorgement of $3,998,145 representing the unpaid portion of the amount ordered to be disgorged in the Final Judgment (original $4,328,145 judgment (comprising $3,941,185 in disgorgement and $386,960 in prejudgment interest), offset by the $330,000 Greenberg paid on February 24, 2011). Greenberg is further ordered to pay a civil penalty in the amount of $3,941,185 pursuant to 15 U.S.C. §§ 77t(d) and 78u(d)(3).[1] The Commission may enforce the Court's judgment for disgorgement and

---

[1] Those statutes allow the imposition of a penalty equal to "the gross amount of pecuniary gain to such defendant as a result of the violation."

prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Stipulated Order Amending Final Judgment.  In response to any such civil contempt motion by the Commission, the defendant may assert any legally permissible defense.

These payments shall be made to the Clerk of this Court, together with a cover letter identifying Greenberg as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Stipulated Order Amending Final Judgment.  Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action.  Defendant relinquishes all legal and equitable right, title, and interest in such payments, and no part of the funds shall be returned to Defendant.  The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest-bearing account that is utilized by the Court.

These funds, together with any interest and income earned thereon (collectively "the Fund"), shall be held in the interest-bearing account until further order of the Court.  In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund.  Such fee shall not exceed that authorized by the Judicial Conference of the United States.  Defendant shall also pay post-judgment interest on any delinquent amounts, including the $3,941,185 unpaid as of February 24, 2011, pursuant to 28 U.S.C. § 1961.  Post-judgment interest on $3,941,185 from February 24, 2011 to February 29, 2012, is $130,480.03.

II.

IT IS FURTHER ORDERED that the Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Order Amending Final Judgment shall be treated as penalties paid to the government for all purposes, including tax purposes.

To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall be further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any related Investor Action grants such Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Order Amending Final Judgment.

For purposes of this section, "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantial the same facts as alleged in the Complaint in this action.

III.

IT IS FURTHER ORDERED that Greenberg and his financial and brokerage institutions and their officers, agents, servants, employees, attorneys, and those persons or entities in active

concert or participation with him who receive actual notice of this Order by personal service or otherwise, including facsimile transmission or overnight delivery service, and each of them, shall hold and retain all assets and funds up to $8,069,810.03 of Greenberg's presently held by them, under their direct or indirect control or over which they exercise actual or apparent investment or other authority, held in any account under the direct or indirect control of Greenberg, whether held in his name or for any of his direct or indirect beneficial interest wherever situated or located, and directing each of the financial or brokerage institutions, debtors, and bailees, or any other person or entity holding such assets, funds, or other property of Greenberg to hold or retain within his, her, or its control and prohibit the withdrawal, removal, transfer, or other disposal of any such assets, funds, or other properties, until further order of the this Court.

Cash disbursements by UMB Bank acting as escrow agent pursuant to the terms of escrow agreements as to which the SEC is a party ("Escrow Agreements"), which allow for the payment of certain specified living or operating expense amounts for the benefit of Greenberg, his wife Danica Chen, and Colorado nonprofit corporation Dorje Trawang Ling, and reasonable attorneys fees and costs, shall be exempt from these provisions.  Further, this order shall not prohibit Greenberg, Chen, or Dorje Trawang Ling from: (1) continuing to use existing checking accounts for normal and reasonable transactions, which shall be identified to the SEC, for ten (10) days following entry of this order to ensure that any outstanding checks or other items can clear or otherwise be processed; (2) continuing to use ANB account 70357217 and TD Canada accounts 5276356120 and 48137100290, which have been identified to the SEC, for the purpose of receiving such disbursements and paying expenses from those bank accounts in amounts consistent with the terms of the Escrow Agreements; or (3) charging expenses to their credit cards.

Nothing in this order shall prohibit Greenberg, Chen, or Dorje Trawang Ling from asserting or litigating their legal entitlement to any particular asset, or from petitioning the Court to allow for the payment of additional unforeseen or extraordinary expenses in excess of amounts currently contemplated by the Escrow Agreements and this Order.  The SEC agrees to refrain from attempting to collect on any judgment obtained herein from funds transferred to Greenberg and Chen for their living expenses pursuant to this agreement.   Funding of reasonable living expenses for Greenberg and Chen under the Escrow Agreements will continue for four months following entry of this Order, at which time the Court will conduct a status conference to determine whether such expenses will continue to be funded.

IV.

IT IS FURTHER ORDERED that all persons who hold or possess the direct or indirect funds or assets of Greenberg, in whatever form such funds or other assets may presently exist, who receive actual notice of this Order, by personal service or otherwise, including facsimile transmission or overnight delivery service, shall hold and retain such funds and assets and shall prevent any withdrawal, sale, payment, transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen until further order of this Court.

V.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Stipulated Order Amending Final Judgment.

Dated: March 13, 2012                                           BY THE COURT:

**/s/John L. Kane**
Senior U.S. District Court Judge