IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Judge John L. Kane

Criminal Action No. **11-cv-00313-JLK**

**SECURITIES AND EXCHANGE COMMISSION,**

    Plaintiff,

v.

**NEAL R. GREENBERG,**

    Defendant.

---

**ORDER**

---

Kane, J.

This matter is currently before me on the Joint Motion for Entry of a Stipulated Order Freezing Assets of Non-Party Danica Chen (doc. 44). Based upon the stipulation agreed upon by the parties and approved by the court,

I.

IT IS HEREBY ORDERED that Chen and her financial and brokerage institutions and their officers, agents, servants, employees, attorneys, and those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission or overnight delivery service, and each of them, shall hold and retain all assets and funds presently held by them, under their direct or indirect control or over which they exercise actual or apparent investment or other authority, held in any account under the direct or indirect control of Chen, whether held in their names or for any of their direct or indirect beneficial interest wherever situated or located, and directing each of the financial or brokerage institutions,

debtors, and bailees, or any other person or entity holding such assets, funds, or other property of Chen to hold or retain within his, her, or its control and prohibit the withdrawal, removal, transfer, or other disposal of any such assets, funds, or other properties, until further order of the this Court. Cash disbursements by UMB Bank acting as escrow agent pursuant to the terms of an escrow agreement as to which the SEC is a party ("Escrow Agreement"), which allows for the payment of certain specified living or operating expense amounts for the benefit of Chen and her husband, Neal Greenberg, and reasonable attorneys fees and costs, shall be exempt from these provisions.

This order shall not prohibit Chen from: (1) continuing to use existing checking accounts for normal and reasonable transactions, which shall be identified to the SEC, for ten (10) days following entry of this order to ensure that any outstanding checks or other items can clear or otherwise be processed; (2) continuing to use ANB account 70357217 and TD Canada accounts 5276356120 and 48137100290, which have been identified to the SEC, for the purpose of receiving such disbursements and paying expenses from those accounts in amounts consistent with the terms of the Escrow Agreements; or (3) charging expenses to her credit cards.

Moreover, nothing in this order shall prohibit Chen from asserting or litigating her legal entitlement to any particular asset, or from petitioning the Court to allow for the payment of additional unforeseen or extraordinary expenses in excess of amounts currently contemplated by the escrow agreement and this Order.  The SEC agrees to refrain from attempting to collect on any judgment obtained against Greenberg from funds transferred for the living expenses of Greenberg and Chen pursuant to the Escrow Agreement, or from funds used to pay Chen's reasonable attorney's fees.

Funding of reasonable living expenses for Greenberg and Chen under the Escrow Agreement will continue for four months following entry of this Order, at which time the Court will conduct a status conference to determine whether such expenses will continue to be funded.

II.

IT IS FURTHER ORDERED that, with the exceptions and limitations set forth herein, all persons who hold or possess the direct or indirect funds or assets of Chen, in whatever form such funds or other assets may presently exist, who receive actual notice of this Order, by personal service or otherwise, including facsimile transmission or overnight delivery service, shall hold and retain such funds and assets and shall prevent any withdrawal, sale, payment, transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen until further order of this Court.

III.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Stipulated Order.

Dated: March 13, 2012                               BY THE COURT:

                                                    **/s/John L. Kane**
                                                    Senior U.S. District Court Judge