IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. 11-CV-313

**SECURITIES AND EXCHANGE COMMISSION**

    Plaintiff,

v.

**NEAL R. GREENBERG,**

    Defendant.

_____
**ORDER GRANTING MOTION TO INTERVENE**
_____

**KANE, J. ORDERS**

Before me are Nonparty Danica Chen Irrevocable Trust II ("Trust")'s Motions to Intervene (Doc. 53.) and to Modify Stipulated Freeze Order (Doc. 53-2). Plaintiff SEC filed its response objecting to the motions on September 14, 2012 (Doc. 55).

The Trust seeks intervenor status for the limited purpose of moving to modify the Freeze Order such that the ability of the Trust to use its assets to pay reasonable attorney fees and costs associated with representing the Trust in issues relating to this case is clarified and ruled permissible. The Freeze Order covers "all persons who hold or possess the direct or indirect funds or assets of Chen, in whatever form such funds or other assets may presently exist, who receive actual notice of this Order, by personal service or otherwise…"(Doc 46 at 3). Because Ms. Chen is a beneficiary of the Trust and she funded the Trust with her assets, the SEC construes the Freeze Order as barring the Trustee from making any disbursement of Trust assets and has contacted the Trustee with directions not to do so accordingly.

*Intervention*

The Trust argues that it is permitted to intervene as a matter of right under Fed. R. Civ. P. 24(a)(2), which provides that a movant is entitled to intervene as of right if, upon timely motion, 1) the movant claims an interest relating to the property or transaction that is the subject matter of the action; 2) the disposition of the litigation may, as a practical matter, impair or impede the movant's interest; and 3) the existing parties do not adequately represent the movant's interest. Addressing each prong in turn, I find that the Trust satisfies all elements of Fed. R. Civ. P. 24(a)(2) such that it is entitled to intervene as a matter of right.

First, the Trust has an interest relating to the property that is the subject matter of the action because the action, among other things, involves Defendant Greenberg disgorging funds that potentially include monies contained within the Trust. Indeed, the SEC even acknowledges in its brief opposing intervention that "…Trust assets are in dispute..." (Doc. 55 at 4). Thus, the Trust has more than an interest *relating* to the property that is the subject matter of the action; it owns property that *is* the subject matter of the action. Second, the Trust's interests may be impaired absent intervention because the Trustee may not be able to administer the Trust for the benefit of the beneficiaries (Danica Chen and her two minor children) without violating the Freeze Order. Third, the existing parties do not adequately represent the Trust's interests. The Trust does not name Greenberg as a beneficiary but rather benefits Ms. Chen, who is not a party, and her children. Moreover, even were Ms. Chen a party, she is not the sole beneficiary nor is she authorized to make decisions for the Trust. Under the Trust agreement, Ms. Chen has no power to control and direct payments, remove trust property, or alter, amend, revoke, or terminate the Trust, either in whole or in part. Additionally, neither Ms. Chen nor Defendant Greenberg is allowed to become a trustee of the Trust. Groseenburg Aff. ¶ 21. In fact, Ms. Chen

has already acted contrary to the Trust's interest by stipulating to the Freeze Order without consulting the Trustee or seeking his consent. *Id.* at ¶15.[1]

For the above reasons, I GRANT the Trust's Motion to Intervene.

*Motion for Modification of Stipulated Freeze Order*

The question of whether the Trust may use its assets to pay reasonable attorney fees and costs associated with representing itself in issues relating to this case presents a messier inquiry than does the matter of intervention. The Trust's position is that just as the Freeze Order allows Greenberg and Ms. Chen to use assets to pay reasonable attorney fees and costs, so too should the Trust be allowed to use its assets to pay reasonable attorney fees and costs. That is, the Trust appeals to fairness concerns.

The case law with respect to the use of frozen funds to pay attorney fees leaves much discretion to the district judge with decisions coming down favorably for movants at times and for non-movants at other times. The leading case appears to be *Commodity Futures Trading Com'n v. Noble Metals, Inc.* 67 F.3d 766, 768 (9th Cir.1995). In *Noble Metals,* the Court of Appeals for the Ninth Circuit held that a district judge has discretion to limit or forbid attorney fees payments in asset freeze situations. *Id.* at 775. This is particularly so where, as in the present circumstances, the frozen assets will not be sufficient to compensate the defendant's victims or customers for their alleged loss. *Id., citing Federal Trade Com'n v. World Wide Factors, Ltd.,* 882 F.2d 344, 347 (9th Cir.1989). The Ninth Circuit added that the district judge's discretion ought to be exercised in light of the fact that the alleged wrongdoing has yet to be proven, and the *Noble Metals* court placed the burden on the defendant to show that he can only

---

[1] The SEC contends that Ms. Chen's stipulation was not contrary to the Trust's interests because the Stipulation provided for an escrow account that pays reasonable living expenses for Chen and her family. While that may mean that the Trust's beneficiaries are presently provided for, it does not obviate the conflict of interest concern that Greenberg and/or Ms. Chen may wish to use assets of the Trust to resolve the SEC's claims against Greenberg to the future detriment of the Trust and its ability to provide for its beneficiaries down the road.

secure counsel if use of the frozen assets is permitted.  *See In re Krause*, 349 B.R. 272, 274 (Bankr.D.Kan.2006)**.**  Applying the law set forth in *Noble Metals,* in *S.E.C. v. Duclaud Gonzalez de Castilla,* the court denied use of the frozen funds for living expenses, but permitted them to be used for attorney fees on a limited basis because no clear showing of wrongdoing had been necessary to sustain the preliminary injunction and asset freeze for violating the securities laws. *S.E.C. v. Duclaud Gonzalez de Castilla*, 170 F.Supp.2d 427, 430 (S.D.N.Y.2001).

The Trust's Motion to Intervene (Doc.53) is GRANTED.  The SEC has shall file a response within twenty days hereof further developing its arguments in opposition to the Trust's Motion to Modify the Freeze.

DATED at Denver, Colorado this 18th day of September, 2012.

BY THE COURT:

/s/John L. Kane  
JOHN L. KANE, SENIOR JUDGE  
UNITED STATES DISTRICT COURT